UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARUSELSKY DEJESUS APARICIO ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER,<br><br>Respondent. | CASE NO. 2:26-cv-02599-JHC<br><br>ORDER |

This matter comes before the Court sua sponte. Before the Court is Jaruselsky DeJesus Aparicio Alvarez's Petition for Writ of Habeas Corpus. *See* Dkt. # 1. The matter is fully briefed and ripe for consideration. *See* Dkt. # 1, 5, 9. But upon reviewing the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law, the Court requires supplemental briefing.

On reply, Petitioner, for the first time, raises a due process challenge to his re-detention. *See* Dkt. # 9. He says that "ICE later re-detained him without first providing an individualized hearing before a neutral decisionmaker," invokes Due Process, and applies the *Mathews* factors. Dkt. # 9 at 4-5 (citing *Mathews v. Elridge*, 424 U.S. 319, 332 (1976)); *see also id.* at 2-3 (correcting Respondents' characterization of Petitioner's criminal history and challenging the

assertion that it may serve as the justification for re-detention). While ordinarily a claim raised for the first time in the traverse will not be considered, because Petitioner is detained and pro se the Court exercises its discretion to consider the challenge to detention based on a possible procedural due process violation related to Petitioner's re-detention. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by [incarcerated persons].") (citation omitted).

Regardless of the original pro se Petition failing to raise the issue, Respondent did identify the re-detention issue and briefed the *Mathews* factors. Still, Respondents were not on notice of the exact arguments raised for the first time in Petitioner's reply. The Court thus provides Respondents leave to submit a supplemental response specifically considering the challenge Petitioner raises to a possible Due Process violation related to his re-detention without notice or a chance to be heard. *See* Dkt. # 9 at 2-5. The Court also provides Petitioner leave to file an optional reply. *See e.g.*, *Ortega v. Scott*, 2026 WL 1649012, at *1 (W.D. Wash. June 8, 2026) (directing the Government to file a supplemental brief addressing an issue raised for the first time in habeas petitioner's traverse and granting petitioner leave to reply); *Pablo v. ICE Field Off. Dir.*, 2026 WL 1931749, at *1 (W.D. Wash. July 2, 2026) (same).

For these reasons, Respondents are ORDERED to file its supplemental brief on the due process question described above and in Petitioner's traverse no later than September 1, 2026. Petitioner may file his optional supplemental brief in reply no later than September 8, 2026. The Clerk is DIRECTED to re-note the petition for September 8, 2026.

The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

//

Dated this 25th day of August, 2026.

John H. Chun
United States District Judge